In re LEVIN.
(District Court, S. D. New York. April 2, 1901.)

BANKRUPTCY—FAILURE TO ACCOUNT FOR ASSETS—CONTEMPT.

A bankrupt will be adjudged in contempt for failing to comply with an order directing him to turn over assets, where he claims that robbers broke into his store and stole between $7,000 and $8,000 of his stock of goods, worth $10,000, and that after continuing business with the balance for about four months he deserted the store and left its contents to the mercy of any one choosing to take them; he having at the time of robbery told the police and his creditors that practically nothing was taken.

In Bankruptcy. The following is the opinion of Referee Seaman Miller:

This is a motion on behalf of the trustee to compel the bankrupt to pay over certain money and merchandise which the bankrupt failed to specify in his schedules as belonging to him. The bankrupt herein has been engaged as a cloak merchant in this city for the last six years. A portion of that time he was in partnership with his brother, but since 1897 he was in such business on his own account; having started with about ten thousand dollars capital. A few months prior to being adjudicated a bankrupt, he occupied the fifth loft at No. 97 Wooster street, which was reached by an elevator and a stairway. In that loft the bankrupt admits that he had on the 5th day of September, 1899, in the neighborhood of ten thousand dollars' worth of stock. The bankrupt now claims that on the following day his store was entered and all his merchandise was stolen, except between two and three thousand dollars' worth of stock; but his statement to the police at the time was that practically nothing had been taken, and his boast to his creditors was that he was in great luck,—that, while his store had been broken open, he had come opportunely upon the scene before anything had been taken. The conclusion is irresistible that the alleged robbery never occurred, and that the stock which the bankrupt now claims was stolen is still under his control, or the avails thereof are still in his possession. With the balance of stock on hand the bankrupt continued to do business until the 29th day of December, 1899, when, according to his own story, he literally deserted the store, and left the contents thereof to the mercy of any persons who chose to take them. There are other grounds upon which this motion is based, but the evidence is not clear as to them. As the liabilities set forth in the schedules herein amount to but $6,833.30, an order may be entered compelling the bankrupt to pay over to the trustee herein the sum of $7,000.

Hays & Hershfield and I. Gainsburg, for trustee.
Manheim & Manheim, for bankrupt.

THOMAS, District Judge. The bankrupt has failed to comply with the order of the court directing him to surrender assets of the value of $7,000, and for that reason is in contempt of court. The trustee will prepare order accordingly.